UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Plaintiffs,

v.

KAREN PO KWAN,

Defendant.

Case No. 26-cv-11079-JST

**ORDER TO DEFENDANT TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

Plaintiffs City and County of San Francisco and State of California filed this action against Defendant Karen Po Kwan alleging violations of state housing law and San Francisco health and housing codes, as well as public nuisance. ECF No. 1 at 15–31. Plaintiffs initially filed the complaint in San Francisco County Superior Court and Kwan removed it based on federal question jurisdiction. *Id.* at 1–4. The Court now ORDERS KWAN TO SHOW CAUSE why this action should not be remanded to San Francisco County Superior Court for lack of jurisdiction.

Federal courts are courts of "limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). However, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

Federal courts have federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In determining federal question jurisdiction, the well-pleaded complaint rule provides that federal jurisdiction exists only

United States District Court
Northern District of California

United States District Court
Northern District of California

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hunter*, 582 F.3d at 1041 (citation modified). "Because federal question jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims, a case may *not* be removed to federal court on the basis of a federal defense . . . ." *City of Oakland v. BP PLC*, 969 F.3d 895, 903–04 (9th Cir. 2020) (citation modified) (emphasis in original). "Therefore, as the master of the claim, the plaintiff can generally avoid federal question jurisdiction by exclusive reliance on state law." *Id.* (citation modified).

In addition, federal courts have diversity jurisdiction over civil actions where each plaintiff is a citizen of a different state than each defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The complaint here alleges claims solely under state and local law—namely, violations of the California Health and Safety Code; violations of the San Francisco Building, Housing, Plumbing, and Health Codes; and public nuisance. ECF No. 1 at 24–28. In her notice of removal, Plaintiff asserted federal question jurisdiction on the grounds that "[t]he underlying state court action arises directly out of an unconstitutional, multi-agency operational sweep executing a predatory real estate equity-poaching scheme under color of law, violating Defendant's Fourth Amendment right against warrantless seizures and Fourteenth Amendment right to procedural due process." ECF No. 1 at 2. It is not clear that Kwan can assert these arguments as defenses to Plaintiff's claims. Even if she could, however, "a case may *not* be removed to federal court on the basis of a federal defense." *See City of Oakland*, 969 F.3d at 903–04 (emphasis in original). Moreover, the complaint alleges that Plaintiffs and Kwan are all citizens of California, *see* ECF No. 1 at 16–17, indicating that the Court lacks diversity jurisdiction.

Accordingly, by **October 30, 2026**, Kwan is ordered to show cause in writing as to why this action should not be remanded to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: October 15, 2026

JON S. TIGAR
United States District Judge