KAREN PO KWAN (aka KAREN PO LON KWAN)
15 Chickasaw Ct.
Corte Madera, CA 94925
Phone: 415.988.9123

Defendant, Pro Se

FILED
NOV 3 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN, FRANCISCO, et al., Plaintiff, | ) Case No. 26-cv-11079-JST |
| v. | ) DEFENDANT'S CONSOLIDATED RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION AND CONCURRENT MOTION FOR AN EXTENSION |
| KAREN PO KWAN, Defendant. | ) HEARING DATE: JANUARY 28, 2027<br>) TRIAL DATE: NOT SET |

**FILED BY PRO SE LITIGANT**
**URGENT CLERK SCAN REQUESTED**

TO THE HONORABLE PRESIDING JUDGE OF THE COURT:

Defendant, Pro Se, respectfully submits this Consolidated Response to the Court's Order to Show Cause (OSC) regarding subject matter jurisdiction and concurrent Motion for a Retroactive Extension of Time to oppose Plaintiff's Motion to Remand.

I. CONCURRENT EMERGENCY MOTION FOR RETROACTIVE EXTENSION OF TIME

1. Defendant moves this Court for a retroactive extension of time under Federal Rule of Civil Procedure 6(b)(1)(B) to file an opposition to Plaintiff's Motion to Remand.

2. Good cause and excusable neglect exist because Plaintiff engaged in a bad-faith litigation tactic known as "pocket-service" to intentionally manufacture an artificial default on the record.

3. Plaintiff electronically filed its "Re-Notice of Motion to Remand" on September 29, 2026, setting a distant hearing date for January 28, 2027 [3.1].

4. In direct violation of Federal Rule of Civil Procedure 5(b) and NDCA Civil Local Rule 7-1, Plaintiff intentionally withheld service of these materials from the pro se Defendant, executing a backdated Certificate of Service.

5. As established by the physical U.S. Postal Service postage postmark attached hereto as Exhibit A-1, Plaintiff delayed placing the

packet in the mail for 28 full days, resulting in Defendant's physical receipt on October 28, 2026 [3.1].

6. This 28-day concealment was designed to run out Defendant's response clocks in total silence. Defendant possesses an absolute constitutional right to due process, and this service fraud mandates an extension of time to align with the active January 28, 2027 hearing timeline [3.1].

## II. SUBSTANTIVE RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

7. This Court possesses original federal question jurisdiction over this matter under 28 U.S.C. §§ 1331, 1443, and 42 U.S.C. § 1983.

8. This action is an unconstitutional asset-stripping scheme disguised as a municipal code enforcement case, satisfying the federal jurisdiction parameters established by the U.S. Supreme Court in Grable & Sons Metal Products, Inc. v. Darue Engineering (2005) based on two irrebuttable factual anchors.

9. The 29-Year Exclusive Sole Occupancy Fact: Defendant is a disabled senior citizen surviving on a fixed Social Security income of about $2,000/month. Defendant has maintained exclusive, uninterrupted sole occupancy of her primary residence since 1997— spanning nearly 30 years—with zero tenants, zero commercial activities, and zero lodgers. This factual baseline mathematically destroys Plaintiff's administrative pretexts regarding "unauthorized units," proving that Plaintiff's sudden deployment of regulatory force is a bad-faith campaign to trigger a predatory property default.

10. Investigative Field Abuses and Lawless Physical Custody: Plaintiff's agents have stepped entirely outside legitimate municipal bounds, triggering direct civil rights liability under 42 U.S.C. 1983:

A. The Bedroom Privacy Breach: Plaintiff's agents executed a paramilitary tactical ram breach of Defendant's home, cornering and hunting her while she was trapped, partially undressed,

inside her bedroom, in direct violation of the Fourth Amendment.

B. The Unauthorized Key Lockout: The Deputy City Attorney (DCA) completely stripped themselves of absolute prosecutorial immunity under Buckley v. Fitzsimmons by leaving the courtroom to act as an investigative field operator. The DCA personally stood on-scene, took physical possession of an unauthorized key, and enforced a lawless, ongoing 17-month physical lockout of Defendant from her unencumbered home.

C. Systemic Civil Erasure (The DMV Blockade): Coordinated state and municipal actors utilized electronic networks to flag and block Defendant from obtaining a basic non-driving senior identification card across multiple DMV branches in different cities for nearly one full year. Stripping a senior of her legal identity to prevent her from voting, accessing banking, or retaining counsel constitutes a severe, actionable Fourteenth Amendment Substantive Due Process violation [1.2].

III. INTEGRATION OF PROTECTIVE CIVIL RICO LIABILITY AND SHIELDS

11. Pursuant to Federal Rule of Civil Procedure 11(b)(3), Defendant states that the specific operational, digital, and infrastructural links between the municipal enterprise and an independent, co-conspirator S1T+ technology corporation are within the exclusive custody and control of the Defendants.

12. Defendant alleges on information and belief that further evidentiary support will likely be uncovered during expedited forensic utility data audits, sub-surface digital tracing, and federal subpoenas.

13. These corporate allegations are asserted strictly as a baseline, protective jurisdictional threshold to demonstrate a substantial federal question under the Grable Doctrine and do not constitute final, un-amendable pleadings.

## IV. RESERVATION OF RIGHT TO FILE COMPLAINT AS "JANE DOE"

14. Defendant hereby places the Court and all parties on notice that her incoming out-of-city white-collar litigation counsel reserves the absolute statutory right under Federal Rule of Civil Procedure 15 to file the imminent, independent Civil RICO and Section 1983 Complaint under the pseudonym "JANE DOE" (Pseudonymity).

15. Filing under a pseudonym is required to protect this vulnerable senior from immediate, severe capital-market media harassment, systemic corporate retaliation, and catastrophic personal trauma.

16. Defendant fully satisfies the Ninth Circuit balancing test established in Does v. Advanced Textile Corp., as the risk of retaliatory corporate economic injury far outweighs any immediate public interest in her true identity during the pre-adjudication phase.

## PRAYER FOR RELIEF

Wherefore, Defendant respectfully requests that this Court:

1. Discharge the outstanding Order to Show Cause;

2. Grant Defendant's concurrent Motion for a Retroactive Extension of Time based on Plaintiff's 28-day service concealment fraud [3.1]; and

3. Maintain federal jurisdiction to allow Defendant's incoming out-of-city counsel to enter their appearance and file the independent Civil RICO Masterwork Complaint and concurrent Emergency Motion for a TRO [1.3].

Dated: November 3, 2026

Respectfully submitted,

Karen Po Lon Kwan

KAREN PO KWAN, Pro Se

# EXHIBIT A-1

DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
WADE CHOW, SBN 168527
Chief Attorney
Code Enforcement Team
NABILA ABDALLAH, SBN 347764
Deputy City Attorney
Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3325
Facsimile: (415) 437-4644
E-Mail: Nabila.Abdallah@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KAREN PO KWAN,<br><br>Defendant. | Case No. 4:26-CV-11079-JST<br><br>**RE-NOTICE OF MOTION TO REMAND**<br><br>Hearing Date: January 28, 2027<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Place: Courtroom 6 – 2nd Floor<br><br>Date Action Filed: September 29, 2026<br>Trial Date: Not set |

# RE-NOTICE OF MOTION

**PLEASE TAKE NOTICE** that the hearing on Plaintiffs' motion to remand, previously noticed for December 3, 2026, is hereby re-noticed for January 28, 2027 at 2:00 p.m. or as soon thereafter as this matter may be heard, before the Honorable Jon S. Tigar, United States District Court, 1301 Clay Street, Courtroom 6, 2nd Floor, Oakland, California.

Dated: October 27, 2026

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WADE CHOW
Chief Attorney
Code Enforcement Team
NABILA ABDALLAH
Deputy City Attorney

By: */s/ Nabila Abdallah*
NABILA ABDALLAH

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

## PROOF OF SERVICE

I, CARMEN GUO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Seventh Floor, San Francisco, CA 94102.

On October 27, 2026, I served the following document(s):

**RE-NOTICE OF MOTION TO REMAND**

on the following person(s) at the locations specified:

KAREN PO KWAN
15 Chickasaw Court
Corte Madera, CA 94925

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed October 27, 2026, at San Francisco, California.

*/s/ Carmen Guo*
CARMEN GUO

0 Market St. 6th Floor
CA 94102

SAN FRANCISCO CA 940
28 OCT 2026 PM 3 L

US POSTAGE PITNEY BOWES
ZIP 94103
02 7H
0006080678
$ 000.78⁰

FIRST-CLASS

Karen Po Kwan
15 Chickasaw Court
Corte Madera, CA 94925

94925$1042 C008