DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
WADE CHOW, SBN 168527
Chief Attorney
Code Enforcement Team
NABILA ABDALLAH, SBN 347764
Deputy City Attorney
Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3325
Facsimile: (415) 437-4644
E-Mail: Nabila.Abdallah@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KAREN PO KWAN,<br><br>Defendant. | Case No. 4:26-CV-11079-JST<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Hearing Date: January 28, 2027<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Place: Courtroom 6, 2nd Floor<br><br>Date Action Filed: September 29, 2026<br>Trial Date: Not set |

## INTRODUCTION

Remand is required because Defendant's removal petition was untimely and no exception applies. Further, remand is necessary because the Court lacks subject matter jurisdiction. Plaintiffs' Complaint does not raise any federal question, and Defendant's federal defenses cannot confer jurisdiction.

**I. Remand is mandatory due to the untimeliness of Defendant's removal petition.**

Defendant has not shown that her untimely removal falls within any of the limited exceptions to the 30-day removal deadline set forth in 28 U.S.C. § 1446(b). As the cases cited in Plaintiffs' Motion to Remand hold, excusable neglect is not available to excuse the untimeliness of a removal petition. *See* ECF No. 13 at 4-5. Defendant nevertheless continues to assert excusable neglect, now adding allegations that Plaintiffs engaged in "a bad-faith litigation tactic known as 'pocket-service,'" ECF No. 18 at 2, related to the service of Plaintiffs' Re-Notice of Motion to Remand. These new allegations are incorrect and entirely irrelevant to the procedural defect of untimely removal.

Defendant claims that Plaintiffs filed the Re-Notice of Motion to Remand on September 29, 2026 and then delayed service until October 28, 2026. ECF No. 18 at 2-3. Defendant is wrong. Plaintiffs filed the Motion to Remand on October 23, 2026. ECF No. 13. Three days later, the Clerk issued a notice vacating the motion hearing and instructing Plaintiffs to renotice the motion for a new hearing date. ECF No. 16. Plaintiffs thereafter filed and served the Re-Notice of Motion to Remand on October 27, 2026. ECF No. 17. Plaintiffs have not engaged in any bad-faith tactics here. Defendant simply misreads the docket. Even if Defendant's allegations were true, bad-faith tactics related to the service of Plaintiffs' Re-Notice of Motion to Remand have no bearing on the timeliness of Defendant's removal petition. The Court should remand because removal was untimely.

**II. The Court lacks subject matter jurisdiction.**

Plaintiffs' Complaint is limited to violations of local and state law. ECF No. 13 at 5. Accordingly, there is no basis for federal question jurisdiction. Defendant's citation of *Grable & Sons Metal Products v. Darue Engineering & Manufacturing* is inapposite, as she fails to identify any issue of federal law that must be decided in order to resolve Plaintiffs' claims. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-313 (2005).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and remand this action to the Superior Court of California, County of San Francisco.

Dated: November 12, 2026

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WADE CHOW
Chief Attorney
Code Enforcement Team
NABILA ABDALLAH
Deputy City Attorney

By: */s/ Nabila Abdallah*
NABILA ABDALLAH

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

# PROOF OF SERVICE

I, CARMEN GUO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Seventh Floor, San Francisco, CA 94102.

On November 12, 2026, I served the following document(s):

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND**

on the following person(s) at the locations specified:

KAREN PO KWAN
15 Chickasaw Court
Corte Madera, CA 94925

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 12, 2026, at San Francisco, California.

CARMEN GUO

4904-2231-6510, v. 3